FILED '09 AUG 12 16:14 USDC-LAE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JOHN G. RAYMOND, IND. & D/B/A
DISCIPLES CROSS, LLC

VERSUS

CHARLES AND KIMBERLY BLAIR, IND. &
D/B/A "AUTHORIZED-DC-NAILBENDERS",
DON JOHNSON A/K/A "DJ", IND. & IN HIS
CAPACITY AS MODERATOR OF THE
"DCPRODUCERS@YAHOOGROUP.COM"
WEBSITE, SHARON MANESS, IND. & IN
HER CAPACITY AS OWNER OF THE
DCPRODUCERS NAME LIST, CASSIE
ROBERE, IND. & D/B/A "TAKINUPTHECROSS",
BRENDA BOUTTE, IND. & AS OPERATOR OF
"NEW COVENANT CROSS", DEBORAH
CARAPELLA, IND. & D/B/A "DC4JC.COM",
MELODIE SERFLATEN, IND. & D/B/A  "MEL'S
CROSSES", LORETTA RIZZO D/B/A
"SHOPRIZBIZ.COM" AND/OR "A-CROSS
YOUR HEART", CLAYTON E. SAMPLE, PAUL
KASIC, DEWAYNE A. BALLARD, JR., IND. &
D/B/A "CHRISTIAN KREATIONS", LORA
BOOZELL, IND. & D/B/A "DIVINE JEWELRY
CREATIONS" DAWN HARTWIG, ERIC EVANS,
IND. & D/B/A "ERIC'S CROSSES", ERIC LOUK,
IND. & AS OPERATOR OF
NAILSWIRESANDPLIERS.COM, ROY
ROBICHAUX, IND. AND AS OPERATOR OF
"ADAMSCROSS.ORG", MELISSA
WHITTINGTON, IND. & AS OPERATOR OF
"MELISSASCROSSES.COM"

NO. **09-5507**

JUDGE: **SECT. S MAG 1**

MAGISTRATE:

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Fee 350
Process
X Dktd
CtRmDep
Doc. No.

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT VIOLATION, REQUEST FOR TEMPORARY/ PERMANENT INJUNCTIVE RELIEF AND FOR CIVIL DAMAGES FOR ILLEGAL RACKETEERING AND CONSPIRACY

NOW INTO COURT, through undersigned counsel, comes the plaintiff in this matter, John G. Raymond, individually and d/b/a Disciples Cross, LLC ("Disciples Cross"), and which states its original complaint for damages against all of the named defendants for copyright infringement, patent infringement, temporary and injunctive relief, and for civil damages under the "RICO" statutes, all upon information and belief as follows.

### Subject Matter Jurisdiction

This Court has subject matter jurisdiction founded on the existence of a federal question, under the Federal Copyright Infringement Statutes found at 17 U.S.C. §101, et seq. and, pursuant to 28 U.S.C. §1338, this Honorable Court has exclusive jurisdiction to hear and adjudicate said copyright infringement claims.  In addition, subject matter jurisdiction in this matter is also founded pursuant to the provisions of the United States Patent Act, 35 U.S.C. §1, et seq.  Subject matter jurisdiction in this matter is further founded pursuant to the provisions of 18 U.S.C. §1962, et seq., also known as the "RICO" statute.

### Personal Jurisdiction

The plaintiff, Disciples Cross, is a limited liability company formed and with its principal place of business in the State of Louisiana, City of Slidell.  All defendants named herein are subject to jurisdiction of this Honorable Court on the basis that they have contracted with the plaintiff in the State of Louisiana and/or advertise, by way of

2

internet websites posted in the State of Louisiana, to conduct business in the State of Louisiana and within the jurisdiction of this Honorable Court, as well as other places.

### Facts

On or about August 11, 1998, the United States Patent Office issued patent number DES.396,929 to Troy Daniel Vinson, of Rosco, Illinois for a jewelry design consisting of a cross constructed from bent nails and wire.  A copy of the patent issued to Mr. Vinson has been attached hereto and labeled as Exhibit A.  Subsequently, on September 22, 2004, an agreement was entered into between Troy Daniel Vinson and John G. Raymond, individually and d/b/a Disciples Cross, LLC, wherein all rights pursuant to the aforementioned patent issued to Vinson on the "cross" were assigned and transferred to John G. Raymond and Disciples Cross for consideration amounting to $12,500.  A copy of the aforementioned Assignment and Transfer of Patent has been attached hereto and labeled as Exhibit B and a copy of the Recordation coversheet, recording with the United States Patent and Trademark Office the transfer of the patent rights, has been attached hereto as Exhibit C and is dated December 20, 2004.

An Acceptance of Assignment and Transfer of Patent was Raymond and Disciples Cross on September 20, 2004 (Exhibit "D"), and subsequently, on or about October 1, 2004, the name "Disciples Cross" was registered with the United States Copyright Office, bearing registration number RB601171161US with said registered name being assigned to the jewelry design originally patented by Troy Vinson and originally under the name of "Tribe Cross."

After properly securing the aforementioned cross jewelry design patent, and after copyrighting said jewelry as well as the name Disciples Cross, plaintiffs began

3

marketing the sale of crosses through the internet by way of the website identified as disciplescross.com, which continues to operate at the present time.

By way of its website, Disciples Cross offered individuals the opportunity to operate their own "home based" business by making "Disciples Crosses." Individuals wishing to engage in this type of business were required to become "producers" of Disciples Crosses and they would initially purchase a "starter kit" that would consist of a limited supply of nail, wires, and an instructional video on how to properly make the crosses. Thereafter, these individuals who had received the Producer Agreement and who had submitted a certain number of "exemplar" crosses for inspection by Disciples Cross were allowed to fix the Disciples Cross name tag to their crosses and they would either be "bought back" by Disciples Cross or the producer could sell those crosses to other individuals or businesses at whatever market price they could obtain.

Once a "producer" had submitted crosses which had been inspected and approved by Disciples Cross, the producer was no longer required to submit exemplar crosses, but was allowed to simply produce them as long as the producer continues to buy the materials, specifically, the nails, wire, and Disciples Cross name tags, from Disciples Cross.

Unfortunately, over time, the defendants named herein have sought to defraud and cheat Disciples Cross by producing crosses of their own after they have learned the patented method of making the crosses from Disciples Cross and marketing said crosses under different names. Alternatively, some of the defendants named herein have learned from Disciples Cross what materials are used in making the crosses, and thereafter, have sought to supplant Disciples Cross as the suppliers of materials for the

4

crosses.  In so doing, the defendants have been communicating with each other by way of the internet and, specifically, a chatboard identified as "DCProducers@yahoo.com" and in these communications, the defendants have all conspired to violate the United States Copyright  and Patent Laws referenced herein, to defraud Disciples Cross, LLC, and John G. Raymond, and in so doing, have caused damages to Disciples Cross, LLC and John G. Raymond in millions of dollars, as is set forth against the individual defendants as follows:

## Cause of Action Against Charles and Kimberly Blair

1.

At all material times, Charles and Kimberly Blair are believed to be residents of the City of Bonnieville, State of Kentucky.

2.

Defendants, Charles and Kimberly Blair, became producers of Disciples Crosses and initially began purchasing, in late 2004 and early 2005, materials and supplies, as well as the starter kit from Disciples Cross, LLC.

3.

Subsequently, defendants, Charles and Kimberly Blair, started an internet-based business identified by the website "www.authorized-dc-nailbenders.com" wherein the defendants, Charles and Kimberly Blair, began to supply Disciples Cross producers with all of the supplies that the producers were required to purchase directly from Disciples Cross. The Blairs incorrectly and fraudulently  have represented to their "customers" for almost three years that they have been "authorized" by Disciples Cross to provide these supplies, when in fact no such authorization has been given.

5

4.

Over the last three years, these defendants, Charles and Kimberly Blair, have communicated, by email and via the internet, with hundreds of producers and potential producers of Disciples Cross and have conspired with the named defendants herein to assist in the production of crosses in violation of the patent and copyright owned by Disciples Cross.

5.

Further, the defendants, Charles and Kimberly Blair, have conducted their illegal enterprise and have engaged in their fraudulent activity by use of the U.S. Mail and/or similar mail services to transmit and/or transport the various materials sold by their enterprise, "Authorized-DC-Nailbenders," all in violation of the civil RICO statutes. Further, in light of the fact that defendants, Charles and Kimberly Blair, have conspired with the other named defendants herein to conduct this fraudulent activity and to violate the copyright and patent referred to herein, said defendants are in violation of 18 U.S.C. §1962(C), regarding the conduct of an enterprise for illegal activity, and are also in violation of 18 U.S.C. §1962(D) in that they have conspired to conduct this activity with other individuals named herein.

6.

It is believed that the defendants, Charles and Kimberly Blair, have, over the last three years, made at least $750,000 through their illegal activity and through their violation of the patent and copyright referred to herein and are therefore liable for treble damages, totaling $2,250,000, plus $100,000 in attorney's fees, for a total of $2.35 million dollars in damages to plaintiffs.

6

7.

In addition, plaintiffs pray for an immediate preliminary and permanent injunction to be issued against these defendants and their business, "Authorized-DC-Nailbenders," requiring said defendants to immediately cease business operations and to shut down their website.

## Cause of Action Against Don Johnson

1.

At all material times, defendant, Don Johnson, was and now is, a person of the age of majority and a resident of the City of Bridgeport, State of Texas.

2.

At all material times, defendant, Don Johnson, was and has remained the moderator of a yahoo chatboard that goes by the name "dcproducers."

3.

For at least the last three years, defendant, Don Johnson, has engaged in the practice of advising Disciples Cross partners and producers to buy materials from other suppliers in violation of the Producer Agreement. Johnson has also been providing supplies to cross producers, providing free copies of the instructional video on how to make the crosses, and otherwise instructing the named defendants herein, as well as other producers, on how to make and sell the crosses which are subject to the patent and trademark herein, without ever purchasing any materials, a starter kit, or supplies of any type, from Disciples Cross.

7

4.

It is believed that, over the last three years, defendant, Don Johnson, has exchanged over 4,000 email posts with various individuals, including the named defendants herein, and has conspired with these individuals, businesses, and defendants, to violate the copyright and patents owned by Disciples Cross and to defraud Disciples Cross.

5.

As he has operated an enterprise for the purpose of conspiring with other individuals to defraud Disciples Cross and to violate the United States Copyright and Patent Right Laws, defendant, Don Johnson, is guilty of also violating the civil RICO statutes referred to herein under title 18 U.S.C. §1961, et seq., as he has used the U.S. Mail service to transport and send copies of videotapes and supplies, without the permission of Disciples Cross.

6.

It is believed that defendant, Don Johnson, has conspired to cause no less than $500,000 in actual losses to Disciples Cross over the last three years, and thus, said defendant is liable for treble damages in the amount of $1.5 million plus $100,000 in attorney's fees to Disciples Cross.

7.

Disciples Cross further prays that, in addition to damages, temporary and permanent injunctions be issued against defendant, Don Johnson, causing him to immediately cease operations, and to shut down the website which has been identified

8

as "dcproducers" and which is found at the web address "dcproducers@yahoogroups.com."

## Cause of Action against Sharon Maness

1.

At all material times, defendant, Sharon Maness, was and now is believed to be a person of the age of majority and a resident of the City of Sibley, State of Louisiana.

2.

In the latter part of 2004, defendant, Sharon Maness, purchased a starter kit and signed a Producer's Agreement to produce Disciples Crosses.

3.

After purchasing her starter kit, defendant, Sharon Maness, began to identify herself, on the dcproducers chatboard as an "dcproducers list owner." Defendant, Sharon Maness, has further admitted to being a moderator of the Disciples Cross chatboard group.

4.

Thereafter, defendant, Sharon Maness, began to advise members of the chatboard against the legitimate process of purchasing the starter kit from Disciples Cross and abiding by the U.S. Patent and Copyright Laws and, specifically, by way of a post on the chatboard dated October 2, 2007, advised members not to buy the starter kit from Disciples Cross, but rather, to get a tape loaned to them from other individuals so they could learn how the crosses could be made, and then to buy supplies elsewhere.

5.

Accordingly, defendant, Sharon Maness, has, through hundreds of internet email and chatboard posts, conspired with the other defendants herein to violate the United States Patent and Copyright Laws.  In so doing, defendant, Sharon Maness, has operated an enterprise, namely, the dcproducers chatboard and her ownership of the producer's list, for the purpose of violating the United States Patent and Copyright Laws, all in violation of the civil RICO statutes regarding a civil conspiracy.

6.

It is believed that, over the years, defendant, Maness, through her illegal activities, has caused damages to Disciples Cross in the amount of $500,000, for which defendant, Sharon Maness, is liable for treble damages totaling $1.5 million plus $100,000 in attorney's fees.

7.

In addition to the foregoing, plaintiffs request a temporary and permanent injunction be issued against defendant, Sharon Maness, from any further posts on the dcproducers website, or any other website where she would provide individuals with advice on how to defraud Disciples Cross, and violate the United States Copyright and Patent Laws.

**Cause of Action Against Cassie Robere**

1.

At all material times, defendant, Cassie Robere, is believed to be a person of the age of majority and a resident of the City of Lehigh Acres, State of Florida.

10

2.

In the latter part of 2004 defendant, Cassie Robere, purchased a starter kit from Disciples Cross.

3.

Also, in the latter part of 2004, defendant, Cassie Robere, attempted to negotiate to purchase the original patent on the jewelry design herein from Troy Vinson, the individual from whom John Raymond d/b/a Disciples Cross purchased the patent. Robere was unsuccessful in purchasing the rights to the patent and, as previously set forth, the patent was sold to Disciples Cross and/or John G. Raymond.

4.

In a post that she provided on the dcproducers chatboard on January 25, 2005, defendant, Cassie Robere, admitted that the plaintiff herein had legally purchased the patent to the jewelry design.

5.

Subsequently, and over the past three years, defendant, Cassie Robere, using the dcproducers website/chatboard, has actively advertised for the sale of supplies for making Disciples Crosses and, while doing so, operated under the business name "TakinUpTheCross."

6.

By selling supplies and advising people to make their own crosses and sale them without the approval of plaintiffs herein, defendant, Cassie Robere, was violating, and has violated the United States Copyright and Patent Laws.

11

7.

Further, by operating a business enterprise, "TakinUpTheCross," and by using the U.S. Mail services to ship materials to individuals for the specific purpose of violating the United States Patent and Copyright Laws, defendant, Cassie Robere, has been engaged in a civil conspiracy in violation of the civil RICO statutes of the United States.

8.

It is believed that, during the period of time that "TakinUpTheCross" was in business, defendant, Cassie Robere, caused Disciples Cross to lose approximately $333,333 in profits for which defendant, Cassie Robere, is liable for treble damages in the amount of $1 million plus $100,000 in attorney's fees.

9.

Plaintiffs request that a temporary and permanent injunction be issued against defendant, Cassie Robere, for preventing her from operating her illegal business venture any further and requiring her to cease all posting on the internet regarding the making of crosses in violation of the United States Patent and Copyright Laws as set forth herein.

## Cause of Action Against Brenda Boutte

1.

At all material times, defendant herein, Brenda Boutte, is believed to be a person of the age of majority and a resident of the City of Kaplan, State of Louisiana.

2.

In March of 2007, defendant, Brenda Boutte, purchased a starter kit from Disciples Cross.

12

3.

Subsequently, defendant, Brenda Boutte, ceased ordering supplies from Disciples Cross despite signing a Producer's Agreement with Disciples Cross requiring her to do same.  Defendant, Brenda Boutte, began purchasing supplies at local craft stores and began to post on the dcproducers website on how other individual producers could do the same.

4.

In December of 2008, defendant, Brenda Boutte, also began to advertise a new website, www.newcovenantcross.com, where she began to make the Disciples Cross, in violation of the United States Patent and Copyright Laws, and sell them as her own product.  Defendant, Brenda Boutte, began to advertise that the "new covenant cross" was "100% hand made" and all of this was done without any authority or permission whatsoever by Disciples Cross, whose patent and copyrights were being violated.

5.

Plaintiffs believe that defendant, Brenda Boutte, has engaged in the illegal sell of materials and/or purchase of materials for the purpose of conducting her illegal enterprise in violation of the United States Patent and Copyright Laws and in violation of the civil RICO statutes referred to herein.

6.

Plaintiffs believe that defendant, Brenda Boutte, has illegally derived income as a result of the operation of her enterprise.  Plaintiffs further believe that defendant, Brenda Boutte, has, through her illegal enterprise identified as "new covenant cross" earned at least $100,000 in profits which would, otherwise, gone to Disciples Cross.  Accordingly,

13

Disciples Cross avers that it is entitled to treble damages from defendant, Brenda Boutte, in the amount of $300,000 plus $100,000 in reasonable attorney's fees.

7.

Further, plaintiffs request a temporary and permanent injunction be issued against defendant, Brenda Boutte, requiring that she cease the business operations of "new covenant cross" and cease and desist from the further manufacture of the Disciples Cross in violation of the patent and copyright laws referred to herein.

**Cause of Action Against Deborah Carapella**

1.

At all material times, defendant, Deborah Carapella, was and now is believed to be a person of the age of majority and a resident of the City of Villa Ridge, State of Missouri.

2.

Defendant, Deborah Carapella, purchased a starter kit and signed a Producer's Agreement with Disciples Cross in 2004.

3.

For a period of time, defendant, Deborah Carapella, produced and made Disciples Crosses in compliance with the Producer's Agreement.

4.

Subsequently, and over the past three years, defendant, Deborah Carapella, started her own business for which she established a website with a web address DC4JC.com.   Through her business, defendant, Deborah Carapella, began to manufacturer crosses in violation of the patent and copyright laws as they were

14

substantially the same as the Disciples Crosses, and she began to market them as her own product without the permission of Disciples Cross.

5.

The business enterprise conducted by defendant, Deborah Carapella, has made use of the U.S. Mail service for transporting materials and crosses in violation of the United States Patent and Copyright Laws and therefore, defendant, Deborah Carapella, has been in violation of the civil RICO statutes of the United States.

6.

It is believed that defendant, Deborah Carapella, has earned approximately $250,000 in income from the illegal sale of crosses in violation of the patent and copyright laws referred to herein and, thus, is liable for treble damages to the plaintiffs in the amount of $750,000 plus $100,000 in attorney's fees.

7.

Further, plaintiffs aver that a preliminary and permanent injunction should be issued against defendant, Deborah Carapella, causing her to immediately cease operations of her business, "DC4JC.com," from the sale of crosses and from the dissemination of information over the website referred to as "dcproducers."

### Cause of Action Against Melodie Serflaten

1.

At all material times, defendant, Melodie Serflaten, was and now is a person of the age of majority and a resident of the City of Reno, State of Nevada.

15

2.

On August 16, 2008, defendant, Melodie Serflaten, signed a Producer's Agreement with plaintiffs.

3.

For a short period of time, defendant, Melodie Serflaten, produced crosses in compliance with the Producer's Agreement that she had entered into with Disciples Cross.

4.

Subsequently, beginning in the latter part of 2008 or beginning of 2009, defendant, Melodie Serflaten, began to do business illegally selling crosses under the name "Mel's Crosses" by using a website with the web address www.melscrosses.com. A review of the website clearly reveals that the crosses sold by defendant, Melodie Serflaten, are of the same design that are subject to the copyright and patent referred to herein.

5.

Accordingly, defendant, Melodie Serflaten, has used a business enterprise, Mel's Crosses, to disseminate information and materials via the U.S. Mail, in violation of the United States Patent and Copyright Laws. Therefore, defendant, Melodie Serflaten, is not only in violation of the United States Patent and Copyright Laws but is also in violation of the civil RICO statutes of the United States because she has used the U.S. Mail for an illegal enterprise and has conspired with the other defendants named herein to conduct that operation.

16

6.

Plaintiffs reasonably believe that defendant, Melodie Serflaten, has gained income in the approximate amount of $250,000 from the illegal operation of her business. Therefore, defendant, Melodie Serflaten, is liable until the plaintiffs for treble damages in the amount of $750,000 plus reasonable attorney's fees in the amount of $100,000.

7.

In addition to the foregoing, plaintiffs believe that they are entitled to a preliminary and permanent injunction against defendant, Melodie Serflaten, requiring that she cease the operation of her business, Mel's Crosses, and that she cease from making crosses and selling them in violation of the United States Patent and Copyright Laws referred to herein.

### Cause of Action against Loretta Rizzo

1.

At all material times, defendant, Loretta Rizzo, was and now is a person of the age of majority and a resident of the City of Orange Cove, State of California.

2.

Defendant, Loretta Rizzo, purchased a starter kit and became a Disciples Cross producer in 2004.

3.

Subsequently, defendant, Loretta Rizzo, began to purchase supplies for the purpose of making crosses from other suppliers than Disciples Cross and she further began to post numerous comments on the "dcproducers" chatboard advising other

17

producers on how to purchase materials from defendants, Charles and Kimberly Blair, or other illegal suppliers so that they could sell crosses as their own rather than as Disciples Crosses, or alternatively, so that producers could simply purchase name tags from Disciples Cross and affix them to their own crosses made from the purchase of materials from suppliers other than Disciples Cross.

4.

By way of all of these actions, defendant, Loretta Rizzo, has acted in violation of the United States Patent and Copyright Laws and has engaged in illegal enterprises using the United States Mail services in violation of the civil RICO statutes.

5.

Plaintiffs reasonably believe that defendant, Loretta Rizzo, through her illegal activities, has caused the plaintiffs to lose approximately $333,333 in business sales for which defendant, Loretta Rizzo, is liable for treble damages in the amount of $1 million plus $100,000 in attorney's fees.

6.

Plaintiffs further request a temporary and permanent injunction be issued against defendant, Loretta Rizzo, from disseminating any further information via the use of the internet for the purpose of violating the United States Patent and Copyright Laws and defrauding plaintiffs.

## **Cause of Action Against Clayton E. Sample**

1.

At all material times, defendant, Clayton E. Sample, was a person of the age of majority and a resident of the City of Olathe, State of Kansas.

2.

On December 5, 2006, defendant, Clayton E. Sample, purchased a starter kit from Disciples Cross.

3.

Thereafter, defendant, Clayton E. Sample, formed his own business enterprises named "Handmade Horrors," and, using that business enterprise, began to advise other producers how to purchase supplies from suppliers other than Disciples Cross for the purpose of defrauding Disciples Cross and violating the United States Patent and Copyright Laws.

4.

During the course of the last three years, defendant, Clayton E. Sample, has also posted, on numerous occasions, on the dcproducers website, advice to individuals on how to purchase supplies from defendant, Don Johnson, or defendants, Charles and Kimberly Blair.

5.

Defendant, Clayton E. Sample, has conspired, through the use of his business enterprise, to violate the United States Patent and Copyright Laws and, therefore, is in violation of the civil RICO statutes referred to herein.

6.

Plaintiffs plead for damages against defendant, Clayton E. Sample, in the amount of $100,000 plus attorney's fees in the amount of $33,000 and for permanent injunction and temporary injunction against defendant, Clayton E. Sample, preventing

19

him from posting any further information on the dcproducers website regarding the manufacturer or purchase of supplies for Disciples Cross.

### Cause of Action Against Paul Kasic

1.

At all material times, defendant, Paul Kasic, was and now is a person of the age of majority residing in the City of Oxford, State of Michigan.

2.

Defendant, Paul Kasic, purchased a starter kit and signed a Producer's Agreement with Disciples Cross dated July 10, 2007.

3.

Subsequently, defendant, Paul Kasic, began his own business enterprise under the name "JC and Associates" where he made crosses following substantially the same design as the Disciples Cross design and with the use of supplies through suppliers other than Disciples Cross.  By manufacturing his own crosses but following the same design that was patented and copyrighted by Disciples Cross, and by doing so without the permission of Disciples Cross, defendant, Paul Kasic, has violated the United States Patent and Copyright Laws.

4.

Defendant, Paul Kasic, has further communicated to other individuals the methods by which they too can cheat Disciples Cross by purchasing materials elsewhere and by manufacturing a cross following the same design that is patented and copyrighted herein, without the permission of Disciples Cross.

20

5.

Plaintiffs reasonably believe that defendant, Paul Kasic, has gained approximately $250,000 through his illegal enterprise and, therefore, is liable unto the plaintiffs for treble damages in the amount of $750,000 plus reasonable attorney's fees in the amount of $100,000.  Defendant, Paul Kasic, has further engaged in a civil conspiracy and has violated the civil RICO statutes of the United States by transmitting materials under his illegal business enterprise, "JC and Associates," in violation of the United States Patent and Copyright Laws.

## Cause of Action Against Dewayne A. Ballard, Jr.

1.

At all material times, defendant, Dewayne A. Ballard, Jr., was and now is a person of the age of majority and a resident of the City of Hammond, State of Louisiana.

2.

In 2007 defendant, Dewayne A. Ballard, Jr., purchased a starter kit from Disciples Cross.

3.

Subsequently, defendant, Dewayne A. Ballard, Jr., started his own business enterprise, Christian Kreations, and he used that business to violate the United States Patent and Copyright Laws for manufacturing crosses using the same design that was patented by the plaintiffs herein and detaching his own label and named to said crosses.

4.

Defendant, Dewayne A. Ballard, Jr., further posted on the dcproducers website on August 2, 2007, and bragged to other cross producers that he, after ordering the starter kit, began to purchase his own supplies and make crosses substantially the same as the ones patented and copyrighted herein, but selling them as his own and without any permission from Disciples Cross.

5.

Further, defendant, Dewayne A. Ballard, Jr., has posted, on the dcproducers website, that he has made large sums of money cheating Disciples Cross by selling the crosses that had been patented and copyrighted herein under his own name or the name of his company, Christian Kreations.

6.

Based on the information posted by defendant, Dewayne A. Ballard, Jr., on the dcproducers website, plaintiffs reasonably believe that defendant, Dewayne A. Ballard, Jr., has made approximately $250,000 in profits by violating the United States Patent and Copyright Laws, and therefore, is liable for treble damages in the amount of $750,000 to the plaintiffs.  Further, defendant, Dewayne A. Ballard, Jr., has used the U.S. Mail services and the internet to communicate information on how to cheat Disciples Cross, and therefore, is in violation of the civil RICO statutes of the United States.

7.

Disciples Cross, in addition to the damages set forth herein, also prays that a preliminary and permanent injunction be issued against defendant, Dewayne E. Ballard,

Jr., requiring him to cease and desist the making of crosses in violation of the Unites States Patent and Copyright Laws, causing him to shut down his business operation identified as "Christian Kreations" and for reasonable attorney's fees in the amount of $100,000.

## Cause of Action Against Lora Boozell

1.

At all material times, defendant, Lora Boozell, was and now is a person of the age of majority and a resident of the City of Romeoville, State of Illinois.

2.

In 2004 defendant, Lora Boozell, purchased a starter kit from Disciples Cross and signed a Producer's Agreement with Disciples Cross.

3.

Thereafter, and for a period of time, defendant, Lora Boozell, operated as a legitimate producer of Disciples Cross by submitting crosses for approval so that the Disciples Cross tags could be affixed to them and requiring Disciples Cross to purchase back the crosses or by selling them on her own with Disciples Cross' approval.

4.

Subsequent, however, defendant, Lora Boozell, began to purchase supplies from suppliers other than Disciples Cross in violation of her agreement with Disciples Cross and, additionally, began to advise, over the dcproducers website, other producers on how to cheat Disciples Cross by purchasing supplies from other suppliers.

5.

Further, defendant, Lora Boozell, used the dcproduers website to further advise individuals on how to purchase supplies from other suppliers, make the crosses, and then purchase tags from Disciples Cross so that finished product would have the appearance of the approval of Disciples Cross for resale.

6.

Defendant, Lora Boozell, conspired with the other defendants named herein to violate the United States Patent and Copyright Laws and in using the U.S. Mail and internet to transmit information on how to violate these laws was further engaged in a civil RICO conspiracy.

7.

Plaintiffs reasonably believe that defendant, Lora Boozell, has caused damages unto the plaintiffs in the amount of $100,000 and is further liable unto the plaintiffs for $33,000 for attorney's fees.

8.

Further, plaintiffs desire a preliminary and permanent injunction be issued against defendant, Lora Boozell, preventing her from transmitting any further information regarding the illegal manufacture of Disciples Crosses.

## **Cause of Action Against Dawn Hartwig**

1.

At all material times, defendant, Dawn Hartwig, was and now is a person of the age of majority and a resident of the City of Hutchinson, State of Minnesota.

24

2.

In 2004 defendant, Dawn Hartwig, purchased a starter kit from Disciples Cross.

3.

For a period of time defendant, Dawn Hartwig, produced crosses in compliance with her agreement with Disciples Cross.

4.

Subsequently, through the use of the dcproducers website and chatboard, defendant, Dawn Hartwig, began to advise other producers on how to cheat Disciples Cross by buying supplies from other suppliers and by borrowing the instructional video tape on how to make the crosses without going through purchasing the starter kit from Disciples Cross.

5.

In addition, defendant, Dawn Hartwig, started her own business enterprise that she identified as "Spirit Crosses" which were crosses produced by using the same design that is patented and copyrighted by the defendant herein.  In addition to selling the patented and copyrighted crosses under the name of "Spirit Crosses," Dawn Hartwig purchased materials from defendants, Charles and Kimberly Blair, and advised others to do the same through the dcproducers website.

6.

Plaintiffs reasonably believe that defendant, Dawn Hartwig, has been engaged in this illegal activity in violation of the United States Patent and Copyright Laws for approximately three years and during that period of time she has caused damage to Disciples Cross and/or has gained money from the sale of her own illegal crosses,

25

totaling no less than $250,000.  In light of the fact that she has violated the United States Patent and Copyright Laws defendant, Dawn Hartwig, is liable for treble damages in the amount of $750,000 plus $100,000 in attorney's fees.

7.

Further, plaintiffs pray for temporary and permanent injunction to be issued against defendant, Dawn Hartwig, requiring her to cease and desist from the sale of "Spirit Crosses" using the design that is patented and copyrighted by the plaintiffs and from disseminating any further information over the dcproducers website on how to cheat Disciples Cross by purchasing supplies from other suppliers.

## Cause of Action Against Eric Evans

1.

At all material times, defendant, Eric Evans, was and now is a person of the age of majority and a resident of the City of Charleston, State of South Carolina.

2.

On or about April 14, 2008 defendant, Eric Evans, purchased a starter kit from Disciples Cross.

3.

Subsequent to purchasing the starter kit from Disciples Cross, which enabled him to learn how to make crosses using the patented and copyrighted design herein, defendant, Eric Evans, began his own business enterprise under the name "Eric's Crosses" where he sold crosses which were made using the copyrighted and patented design method as his own without the permission of Disciples Cross.

26

4.

Accordingly, defendant, Eric Evans, is in violation of the United States Patent and Copyright Laws and it is believed that he has gained approximately $250,000 in revenue from the illegal sale of crosses under the business enterprise named "Eric's Crosses." Accordingly, defendant, Eric Evans, is liable for treble damages in the amount of $750,000 plus $100,000 in attorney's fees.

5.

Further, defendant, Eric Evans, by using the dcproducers chatboard, has communicated to other producers on how to cheat Disciples Cross by purchasing supplies and by making crosses without the permission of Disciples Cross, and in so doing, has conspired with the other defendants herein to violate the United States Patent and Copyright Laws and therefore is violation of the civil RICO statutes of the United States.

6.

Accordingly, plaintiffs pray for temporary and permanent injunction to be issued against defendant, Eric Evans, requiring him to cease and desist from the sale of "Eric's Crosses."

## Cause of Action Against Eric Louk

1.

At all material times, defendant, Eric Louk, was a person of the age of majority and a resident of the City of Terre Haute, State of Indiana.

27

2.

In September of 2007, defendant, Eric Louk, purchased a starter kit from Disciples Cross.

3.

Subsequently, and in violation of the United States Patent and Copyright Laws, and in violation of his Producer's Agreement, defendant, Eric Louk, began to operate his own business enterprise identified as "www.nailswiresandpliers.com" wherein said defendant advertised for the sale of materials, specifically pre-bent nails, cord, and wire, to all producers of crosses in an attempt to cheat Disciples Cross and to violate the United States Patent and Copyright Laws.

4.

For approximately three years, defendant, Eric Louk, has engaged in the illegal sale of supplies to producers of crosses who desire to violate the patent and copyright held by Disciples Cross and, therefore, has engaged in a civil conspiracy by using the U.S. Mail to mail supplies to these illegal producers and by further instructing illegal producers on how to cheat Disciples Cross and how to violate the United States Patent and Copyright Laws. Accordingly, defendant, Eric Louk, is not only guilty of violating the United States Patent and Copyright Laws but has engaged in a civil conspiracy in violation of the civil RICO statutes of the United States.

5.

It is believed by the plaintiffs that defendant, Eric Louk, has derived approximately $300,000 in income during the last several years by way of the sale of pre-bent nails and other supplies for the illegal production of crosses, and therefore, is

28

liable for treble damages in the amount of $900,000 to the plaintiffs plus $100,000 in attorney's fees.

6.

Further, plaintiffs, in addition to the damages prayed for against defendant, Eric Louk, request that this Court issue a temporary and permanent injunction requiring defendant, Eric Louk, to cease the operation of his business, www.nailswiresandpliers.com, and from any further posting on the dcproducers website.

**Cause of Action Against Roy Robichaux**

1.

At all material times, defendant, Roy Robichaux, was and now is a person of the age of majority and a resident of the City of Thibodaux, State of Louisiana.

2.

On or about May 14, 2007, said defendant, Roy Robichaux, purchased a starter kit and signed a Producer's Agreement with Disciples Cross.

3.

Thereafter, and for a period of time, defendant, Roy Robichaux, legitimately produced crosses in compliance with the Producer's Agreement herein.   However, subsequently, defendant, Roy Robichaux, started his own business enterprise identified as "adamscross.org" where he began to sell crosses using the patented and copyrighted jewelry design herein and affixing his own business operation name to said crosses, all in violation of the United States Patent and Copyright Laws.

29

4.

In addition, defendant, Roy Robichaux, has purchased an abundance of supply materials from other suppliers than Disciples Cross, in violation of his Producer's Agreement.

5.

Plaintiffs reasonably believe that defendant, Roy Robichaux, has derived approximately $200,000 in income by the sale of "adamscrosses.org" in violation of the United States Patent and Copyright Laws and is therefore liable for treble damages unto the plaintiffs in the amount of $600,000 plus $100,000 in reasonable attorney's fees.

6.

In addition to the money damages requested herein, plaintiffs further pray for preliminary and permanent injunctive relief against defendant, Roy Robichaux, causing him to cease and desist from the sale of "adamscross.org."

### Cause of Action Against Melissa Whittington

1.

At all material times defendant, Melissa Whittington, is a person of the age of majority and a resident of the City of Tylertown, State of Mississippi.

2.

On or about mid-2004, defendant, Melissa Whittington, purchased a starter kit from Disciples Cross and signed a Producer's Agreement.

3.

For a period of time, defendant, Melissa Whittington, legitimately produced crosses in compliance with the Producer's Agreement.

30

4.

Subsequently, however, defendant, Melissa Whittington, began to advise individuals, on the dcproducers website, on how she purchased supplies from suppliers other than Disciples Cross for the purpose of violating the United States Patent and Copyright Laws and to manufacture crosses on her own without purchasing supplies for Disciples Cross and without the permission of Disciples Cross.

5.

In addition, defendant, Melissa Whittington, started her own business enterprise under the name "Melissa's Crosses" where she used the design which is patented and copyrighted by the plaintiffs to sell crosses under her own name.  Defendant, Melissa Whittington, further started a separate business enterprise under the name "Melissa's Disciples Crosses" where she also used the patented and copyrighted jewelry design to sell crosses under her own name.

6.

It is believed that defendant, Melissa Whittington, has been engaged in this illegal sale of cross activity over the last three years, in violation of the United States Patent and Copyright Laws, and has derived approximately $250,000 in income as a result of the illegal sale of these crosses.  Accordingly, and because she has violated the United States Patent and Copyright Laws, defendant, Melissa Whittington, is liable unto the plaintiffs for treble damages in the amount of $750,000 million dollars plus reasonable attorney's fees.

7.

In addition to the aforementioned damages, plaintiffs also pray for a temporary and permanent injunction to be issued against defendant, Melissa Whittington, causing her to cease and desist from all business operations under the name Melissa's Crosses and/or Melissa's Disciples Crosses and/or from the sale of any crosses which violate the patent and copyright herein.

### Cause of Action Against Anne Bond and Andy Bond

1.

At all material times hereto defendants, Anne and Andy Bond, were persons of the age of majority and residents of the City of Newman, State of Georgia.

2.

Beginning in April of 2006, defendant, Anne Bond, along with her husband, Andy Bond, purchased materials from Disciples Cross under the guise of making Disciples Crosses.

3.

Thereafter, the defendants began to market the Disciples Crosses under their own name, "www.crossesfromnails.com", on the web and offered itself out as running a business entitled "Crosses From Nails."

4.

At all times, Anne and Andy Bond was advertising these materials, using Disciples Cross materials and using the patented and copyrighted design of Disciples Cross, while marketing and selling the crosses that they made as their own.

32

5.

It is believed that the defendants, Anne and Andy Bond, have been engaged in this illegal enterprise of selling crosses, in violation of the United State Patent and Copyright Laws, and that they have derived approximately $250,000 in income as a result of the illegal sale of these crosses. Accordingly, and because the defendants have violated the United States Patent and Copyright Laws, defendants are liable unto the plaintiffs for treble damages in the amount of $750,000 million dollars plus reasonable attorneys fees.

6.

In addition to the aforementioned damages, plaintiffs pray for a temporary restraining order and permanent injunction to be issued against the defendants, Anne and Andy Bond, causing them to cease and desist from all business operations under the name "Crosses from Nails" and/or from the sale of any crosses which would violate the patent and copyrights referred to herein.

7.

Plaintiffs further aver that they are entitled to attorneys' fees from defendants, Anne and Andy Bond, in the amount of $100,000.

## **Cause of Action Against Michael Meinecke**

1.

At all material times defendant, Michael Meinecke, was and now is a person of the age of majority and a resident of the City of Hot Springs, State of Arkansas.

33

2.

On December 31, 2005, Michael Meinecke purchased a starter kit and signed a Producers Agreement with Disciples Cross.

3.

Subsequently, defendant, Michael Meinecke, began to make crosses under the name "Horseshoe Nail Crosses" with the purchase of supplies from suppliers other than Disciples Cross.

4.

Defendant, Michael Meinecke, was not now nor has he ever been given permission to sell crosses under the name "Horsehoe Nail Crosses" which are in violation of the United States Patent and Copyright Laws.

5.

The design of the crosses being made by defendant, Michael Meinecke, is substantially the same as the crosses designed under the patent and copyright by Disciples Cross, and therefore, defendant, Michael Meinecke, is in violation of the United States Patent and Copyright Laws in selling the "horseshoe crosses."

6.

It is reasonable that defendant, Michael Meinecke, by violating the United States Patent and Copyright Laws, has derived approximately $200,000 in income for which he is liable in treble damages for the amount of $600,000 plus $100,000 in attorneys' fees.

7.

Further, defendant, Michael Meinecke, has engaged in the civil conspiracy in violation of the civil RICO statutes by advising other individuals on how to purchase

34

supplies and how to cheat Disciples Cross out of the sale of supply materials for the illegal crosses he has been producing and he is advising other people to produce.

### Cause of Action in Defamation, Libel and Slander

Further, Disciples Cross, LLC names all defendants herein in a cause of action for damages for defamation, libel and slander against Disciples Cross, LLC and its operator, John Raymond. Plaintiff avers that, on a continuing basis on the internet, the defendants herein have advised countless individuals on how to cheat Disciples Cross, LLC by purchasing materials elsewhere. Further, the defendants, particularly defendant, Don Johnson, has engaged in a ceaseless tirade of false accusations and slanders against Disciples Cross and its operator, John Raymond, by virtue of the yahoo chatboard that he operates. Accordingly, plaintiff avers that said defendants are liable unto the plaintiffs for an additional $5 million dollars in damages for libel and slander and countless business opportunities and dollars which have been lost to plaintiffs as a result of the actions of defendants in concert with one another using the internet.

### Request for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief

Further, plaintiffs fully anticipate that, following the filing and service of this Complaint for Damages, that the various defendants herein will increase the internet activity, in furtherance of their conspiracy against Disciples Cross, LLC, and engage in further defamatory and slanderous activities against Disciples Cross, LLC. Accordingly, plaintiffs request that all defendants named herein be enjoined from communicating with one another concerning this lawsuit and their response to it. Of course, plaintiffs do not

request any relief herein which would be violative of the discovery provisions of the Federal Code of Civil Procedure.

Plaintiffs believe that they are entitled to and pray for a trial by jury on all of these issues.

WHEREFORE, plaintiffs, John G. Raymond and Disciples Cross, LLC, pray for relief herein under the United States Patent and Copyright Laws and under the United States civil RICO statutes, cited herein, and for all damages totaled together against all defendants, jointly and in solido in light of the civil conspiracy engaged in by all defendants, for trial by jury, and for any and all other relief which this Honorable Court is competent to grant.

Respectfully submitted,

SCOTT G. JONES #14408
INABNET & JONES, L.L.C.
1331 West Causeway Approach
Mandeville, Louisiana 70471
Telephone: 985-624-9920
Facsimile: 985-624-9940
scott@inabnetjones.com

36