UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JOHN G. RAYMOND,                                      CIVIL ACTION
INDIVIDUALLY AND D/B/A
DISCIPLES CROSS, LLC

VERSUS                                                NO: 09-5507

CHARLES AND KIMBERLY BLAIR,                           SECTION: "S" (1)
ET AL.


## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for New Trial filed by plaintiffs, John G. Raymond, individually, and d/b/a Disciples Cross, LLC (Doc. # 61) is **DENIED.**

## BACKGROUND

This matter comes before the court on a motion for new trial filed by plaintiffs, John G. Raymond, individually, and d/b/a Disciples Cross, LLC. Plaintiffs seek reconsideration of the court's ruling of May 17, 2010, in which the court dismissed plaintiff's claims against Charles and Kimbre Blair[1] (the "Blairs") and Dawn Hartwig ("Hartwig") for lack of personal jurisdiction. The court found that the Blairs and Hartwig, who are not residents of Louisiana, do not have sufficient contacts with the state to be subject to personal jurisdiction in Louisiana.

---

[1] Kimbre Blair, improperly named as Kimberly Blair, is Charles Blair's wife.

Plaintiffs hold a patent and copyright on a jewelry design known as the Disciples Cross. The Disciples Cross is a cross constructed from bent nails and wire. Plaintiffs market and sell the crosses through the website www.disciplescross.com.

Additionally, plaintiffs' website offers individuals the opportunity to operate their own home-based businesses making Disciples Crosses. To start the business, an individual purchases a starter kit that consists of a limited supply of nails and wire and an instructional video on how to make the crosses. After the individual executes a Producer's Agreement[2] and submits a certain number of crosses that meet Disciples Cross' quality assurance standards, he or she becomes a "producer." A Disciples Cross producer may sell his or her crosses back to Disciples Crosses for a small profit on those crosses that pass the quality assurance test, or sell the crosses to others at whatever market price he or she can obtain, as long as he or she buys the materials from Disciples Crosses and affixes the Disciples Cross name tag to the crosses.

In July 2004, Charles Blair, a resident of Kentucky, purchased a starter kit from Disciples Cross and became a producer. On July 13, 2004, he executed a Producer's Agreement. Charles Blair purchased materials from Disciples Cross until October 31, 2005. Additionally, he sold completed crosses back to Disciples Cross in 2004.

After becoming a producer, Charles Blair began operating the website www.authorized-dc-nailbenders.com, on which he sells completed crosses and the supplies to make Disciples Crosses. The website is hosted by GoDaddy.com, Inc., which is located in Scottsdale, Arizona, and is

---

[2] The Producer's Agreement is a contract that the individual enters into with Disciples Cross that details the relationship between the parties.

operated by Charles Blair from his home in Kentucky. Charles Blair contends that he has not advertised or otherwise solicited business in Louisiana, and that his contacts with Louisiana are limited to selling a modest amount of goods to Louisiana residents through his website. Kimbre Blair is not a Disciples Cross producer and does not have an ownership interest in the website, but she does help her husband run his business.

In the summer of 2004, Hartwig, a resident of Minnesota, obtained a starter kit from Disciples Cross. She did not sign and return the Producer's Agreement. In September 2004, she began making crosses and sold them at craft fairs and church events in Minnesota. She did not sell back any to Disciples Cross. Hartwig purchased materials for the crosses from Charles Blair through his website.

Plaintiffs filed suit against the Blairs, Hartwig, and others, alleging that they "have sought to defraud and cheat Disciples Cross by producing crosses of their own after they have learned the patented method of making the crosses from Disciples Cross and marketing said crosses under different names" and/or by supplanting "Disciples Cross as the suppliers of materials for the crosses." Plaintiffs allege that the defendants have communicated with each other via the Yahoo! chatboard identified as DCProducers@yahoo.com, and have conspired to violate plaintiffs' patent and copyright. Plaintiffs seek millions of dollars in damages for the defendants' alleged fraud, copyright infringement, patent infringement, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. The Blairs and Hartwig filed motions to dismiss arguing that they do not have sufficient contacts with Louisiana to be subject to personal jurisdiction

in Louisiana. The court granted the motions, and plaintiffs have moved for reconsideration of that order.

## ANALYSIS

**1. Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. <u>Bass v. U.S. Dep't of Agric.</u>, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). <u>Hamilton Plaintiffs v. Williams Plaintiffs</u>, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); <u>see</u> <u>also</u> FED. R. CIV. PRO. 59(e). Because plaintiffs filed the instant motion on June 10, 2010, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. <u>In re Transtexas Gas Corp.</u>, 303 F.3d 571, 581 (5th Cir. 2002). The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." <u>In re Transtexas Gas Corp.</u>, 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." <u>In re Self</u>, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

4

## 2. Motion for Reconsideration

Plaintiffs argue that the court erred in finding that it lacked personal jurisdiction over the Blairs and Hartwig. Specifically, plaintiffs argue that the court has personal jurisdiction over the Blairs because Charles Blair's website permitted residents of Louisiana to order materials directly from the website that would be shipped to Louisiana, and Charles Blair entered into a contract and bought materials from plaintiffs, who are residents of Louisiana.

The Blairs oppose the motion, arguing that plaintiffs are attempting to re-litigate issues that the court already resolved, albeit to their dissatisfaction. They point out that plaintiff raised these arguments in opposition to their motion to dismiss. The Blairs also argue that plaintiff's motion relies upon jurisprudence that the court considered, and properly interpreted, in ruling upon their motion to dismiss. Further, they contend that plaintiff has not come forth with any new evidence, shown that the court committed a manifest error of law or change in the law, or demonstrated manifest injustice sufficient to justify reconsideration.

In their motion, plaintiffs rehashes exactly the same arguments that they made in opposition to the Blairs' and Hartwig's motions to dismiss. The court has already considered plaintiffs' arguments regarding Charles Blair's website. Rule 59(e) should not be used for re-litigating matters that have been resolved to the movant's dissatisfaction. Therefore, plaintiffs' motion is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for New Trial filed by plaintiffs, John G. Raymond, individually, and d/b/a Disciples Cross, LLC (Doc. # 61) is **DENIED.**

New Orleans, Louisiana, this  17th  day of August, 2010.

                                **MARY ANN VIAL LEMMON**
                                **UNITED STATES DISTRICT JUDGE**