# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN G. RAYMOND, INC. d/b/a DISCIPLES CROSS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO: 09-5507** |
| **CHARLES AND KIMBERLY BLAIR, d/b/a AUTHORIZED-DC-NAILBENDERS, ET AL.** | **SECTION: "S"(1)** |

## ORDER AND REASONS

The court, after considering the record, the applicable law, the Magistrate Judge's Report and Recommendation (Doc. #248), and the parties' objections to the Magistrate Judge's Report and Recommendation, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion in this matter with respect to the amount of attorneys' fees and the imposition thereof on plaintiffs, John G. Raymond, individually and d/b/a Disciples Cross, LLC. However, this court rejects the portion of the Magistrate Judge's Report and Recommendations that finds that plaintiffs' former counsel Scott Jones is not liable for a portion of the attorneys' fees. This court finds that Jones is jointly and severally liable for the attorneys' fees award. Further, this court finds that the prevailing defendants are entitled to interest on the attorneys' fees award.

**IT IS HEREBY ORDERED** that the motions of Lora B. Boozell and Charles Blair, Kimberly Blair, Dawn Hartwig, Sharon Manses, Donald Johnson, Eric Evans, Erik Louk, Melissa Whittington Slocum, and Melodie Serflaten Parenti for attorneys' fees (Docs. # 232 and 234) are **GRANTED**, and that they be awarded attorneys' fees of $62,537.25 and costs of $1,731.38 or a total of $64,268.63 from the plaintiffs, John G. Raymond and Disciples Cross, LLC and Scott Jones, jointly and severally.

**BACKGROUND**

This matter comes before the court on objections to the United States Magistrate Judge's Report and Recommendations regarding attorneys' fees and costs incurred in connection with the prevailing defendants' previous successful motions for attorneys' fees and costs (Doc. #248).

On April 4, 2012, this court awarded the prevailing defendants $69,985.50 in attorneys' fees and $1,588.56 in costs against plaintiffs and Jones, with Jones being required to satisfy $64,182.89 of the award, plus interest, and the balance of the award, plus interest, to be paid by plaintiffs. Specifically, this court found that the award against plaintiffs was justified under the fee shifting provision of the Patent Act, 35 U.S.C. § 285, and that the award against Jones was justified under 28 U.S.C. § 1927, which permits the court to require an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" to personally satisfy "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Jones satisfied his obligation. Thereafter, the prevailing defendants filed motions for an award of attorneys' fees incurred in connection with pursuing their original motions for attorneys' fees.

On August 13, 2012, the United States Magistrate Judge issued a Report and Recommendation in which she recommends awarding the prevailing defendants $64,268.63 in attorneys' fees and costs incurred in pursuing their original motions for attorneys' fees. She found that the Patent Act permits the prevailing defendants to recover the reasonable attorneys' fees and costs they incurred in litigating their original fee petition from plaintiffs. The United States Magistrate Judge did not recommend that Jones be held responsible for any of the second attorneys'

fees award. She found that 28 U.S.C. § 1927 does not permit an award for fees incurred in obtaining an award of fees, and that Jones did not violate the statute in opposing the prevailing defendants' original motions for attorneys' fees.

The prevailing defendants and plaintiffs filed objections to the United States Magistrate Judge's Report and Recommendations. Plaintiffs re-urged the merits of their copyright claims, and argued that it would be unfair to require them to pay the prevailing defendants' attorneys' fees without contribution from Jones because Jones pursued his own course in the litigation without consulting plaintiffs. They do not offer any arguments regarding the prevailing defendants' entitlement to or the amount of an award of attorneys' fees incurred in pursuing an award of attorneys' fees under the Patent Act. The prevailing defendants agreed with the amount of the attorneys' fees and costs recommended by the United States Magistrate Judge, but object to her finding that Jones is not jointly and severally liable for the award. They also seek interest on the award.

## ANALYSIS

**A.     Attorneys' Fees and Costs Award Against Plaintiffs**

Under the fee shifting provision of the Patent Act, 35 U.S.C. § 285, "[i]t is settled that a prevailing [party] is entitled to attorneys' fees for the effort entailed in litigating a fee claim and securing compensation." Alberti v. Klevenhagen, 896 F.2d 927, 937 (5th Cir. 1990) (citing Johnson v. State of Miss., 606 F.2d 635, 638 (5th Cir. 1979))   Because attorneys' fees and costs were awarded against plaintiffs under the Patent Act, they are liable for the reasonable attorneys' fees and costs incurred by the prevailing defendants in pursuing that award.

**B.     Amount of Attorneys' Fees and Costs Awarded**

Determination of the reasonableness of defendants' fee application is a two-step process that begins with determination of the "lodestar" amount. A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting. Heidtman v. Cnty. of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir.1993).

The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. Johnson, 488 F.2d at 717-19.

Of the aforesaid Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel. Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir.1998). Three of the Johnson factors-complexity of the issues, results obtained and preclusion of other

employment-are generally fully reflected and subsumed in the lodestar amount. Heidtman, 171 F.3d at 1043; Shipes, 987 F.2d at 319-22 & n. 9). Additionally, since the Johnson decision issued, the Supreme Court has barred any use of the sixth factor (*i.e.,* whether the fee is fixed or contingent). Walker v. U.S. Dep't of Housing & Urban Dev., 99 F .3d 761, 772 (5th Cir.1996) (citing City of Burlington v. Dague, 112 S.Ct. 2638 and Shipes, 987 F.2d at 323).

The lodestar is presumptively reasonable and should be modified only in exceptional cases. Watkins v. Fordice, 7 F.3d 453, 459 (5th Cir.1993); Heidtman, 171 F.3d at 1043. Although the party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Wegner v. Standard Ins. Co., 129 F.3d 814, 822 (5th Cir.1997); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir.1995).

The United States Magistrate Judge found that the amount of attorneys' fees requested by the prevailing defendants was reasonable. She noted that the prevailing defendants' attorneys exercised billing judgment, that the hours reflected in their statements were reasonable, and that they applied the fee schedule that the court applied in its previous award of attorneys' fees and costs. Neither the prevailing defendants, nor the plaintiffs objected to the reasonableness of the amount of attorneys' fees recommended by the United States Magistrate Judge. Further, the prevailing defendants' initial motions for attorneys fees involved three rounds of briefing, and were pending in this court for over a year. Therefore, this court accepts the United States Magistrate Judge's Recommendation as to the amount of attorneys' fees and costs owed to the prevailing defendants.

## C. Attorneys' Fees and Costs Against Scott Jones

The United States Magistrate Judge found that § 1927 is a penalty provision that must be strictly construed, and that it does not expressly provide for an award of attorneys' fees and costs incurred in pursuing sanctions thereunder. She also found that Jones did not act vexatiously in the manner in which he opposed the prevailing defendants's original motion for attorneys' fees and costs. Thus, she found that he is not liable for the recommended award.

Prevailing defendants, citing Norelus v. Denny's, Inc., 628 F.3d 1270 (11th Cir. 2010), objected to the United States Magistrate Judge's finding that § 1927 does not provide for an award of attorneys' fees and costs incurred in pursuing sanctions thereunder.

Also, plaintiffs argue that Jones should be required to pay a portion of the attorneys' fees and costs award because Jones pursued his own course in this litigation without consulting plaintiffs. Plaintiffs claim that it was Jones's "consistent posturing and legal maneuvering that have caused this case to continue to the point of becoming a nightmare of extremely expensive and complicated litigation." Plaintiffs contend that Jones failed to note that the Patent Act claims were prescribed; failed to file the RICO case statement; failed to ensure that the jurisdiction and venue were proper; failed to inform plaintiffs of final settlement negotiations prior to settling the case; failed to include an exclusion in the settlement prohibiting the prevailing counsel from seeking fees and costs; failed to fairly represent his clients and instead tried to "escape the consequences of his own actions and set [plaintiffs] up as the fall guy for his own incompetence"; failed to settle the matter of fees and costs; and, "chose rather to press stubbornly forward creating this judgment for fees upon fees." Plaintiffs ask the court to "recognize that [Jones's] actions stem from a mindset based on a predisposition to abuse the system and avoid professional responsibility and personal

6

accountability," which is "exactly the mindset that the previous case law strives to eliminate in the court system."

Title 28, United States Code, Section 1927, provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Because § 1927 is penal in nature, it is strictly construed. Vanderhoff v. Pacheco, 344 Fed. Appx. 22 (5th Cir. 2009) (citing Baulch v. Johns, 70 F.3d 813, 817 (5th Cir. 1995)). To impose sanctions against an attorney under § 1927, the court must find that the attorney "unreasonably" and "vexatiously" multiplied the proceedings. Id. (citing Proctor & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002)). Such a finding requires evidence of the sanctioned attorney's recklessness, bad faith, or improper motive. Id. (citing Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998)).

In Norelus v. Denny's, Inc., 628 F.3d at 1298, the United States Court of Appeals for the Eleventh Circuit held that the plain language of § 1927 "establishes that, in making a sanctions award to a party, a court may include the 'costs, expenses, and attorneys' fees' that the party victimized by the sanctioned conduct incurred in obtaining the award," because "those cost are 'incurred because of such conduct.'" (quoting 28 U.S.C. § 1927). Further, the court stated that:

> [i]f there were no sanctionable conduct there would have been no proceeding to impose sanctions. Because the costs arising from the sanctions proceedings were occasioned by the objectionable conduct, a district court may include those costs arising from the sanctions proceedings in the sanctions award.

Id. (internal quotations and citations omitted).

7

In addition to finding that the plain language of § 1927 supports an award of attorneys' fees incurred in pursuing sanctions under the section, the United States Court of Appeals for the Eleventh Circuit reasoned that doing so is good policy. Specifically, the court further stated that:

> . . . a categorical rule excluding from a sanctions award the costs incurred in obtaining it would undercut the purpose of providing for sanctions. The time, effort, and money a party must spend to get another party sanctioned realistically is part of the harm caused by that other party's wrongful conduct. A rule automatically excluding that type of harm from the calculation of sanctions awards would not allow courts to fully compensate the harmed party for the wrongful conduct it had suffered.
>
> A categorical rule excluding the costs of having sanctions imposed from the award would also undermine the goal of deterrence, because it would discourage a party aggrieved by wrongful conduct from pursuing sanctions. If an aggrieved party knows beforehand that it has no hope of recovering the costs necessary to have the other party sanctioned, it will be less likely to pursue sanctions.

Id. at 1298-99.

As explained by the United States Court of Appeal for the Eleventh Circuit in Norelus, the plain language of §1927 and the policy behind the statute support an award of attorneys' fees incurred in the successful pursuit of sanctions thereunder. Jones has acted unreasonably and vexatiously in his handling of this entire case by refusing the communicate with his clients and acting in his own best interest rather than his clients'. Therefore, under § 1927, Jones is jointly and severally liable with plaintiffs for the $64,268.63 in attorneys' fees and costs incurred by plaintiffs in pursuing their original motions for attorneys' fees.

**C.    Interest**

Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The phrase "any money judgment" includes an award of

attorneys' fees. Mathis v. Spears, 857 F.2d 749, 760 (Fed. Cir. 1988). This provision is intended to "deter[] use of the appellate process by the judgment debtor solely as a means of prolonging its free use of money owed the judgment creditor." Id. Thus, interest on an award of attorneys' fees runs from the date of the judgment establishing the award, not the date of judgment establishing its quantum. Id. (citing Cooper Liquor, Inc. v. Adolph Coors Co., 701 F.2d 542, 544-45 (5th Cir. 1983) (*en banc*)).

## CONCLUSION

**IT IS HEREBY ORDERED** that the motions of Lora B. Boozell and Charles Blair, Kimberly Blair, Dawn Hartwig, Sharon Manses, Donald Johnson, Eric Evans, Erik Louk, Melissa Whittington Slocum, and Melodie Serflaten Parenti for attorneys' fees (Docs. # 232 and 234) are **GRANTED**, and that they be awarded attorneys' fees of $62,537.25 and costs of $1,731.38 or a total of $64,268.63 from the plaintiffs, John G. Raymond and Disciples Cross, LLC and Scott Jones.

New Orleans, Louisiana, this __1st__ day of November, 2012.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**